Bradbury, J.
The entry on the journal of the court of common pleas in this case, allowing the bill of exceptions, is similar to that held to be sufficient bjr this court, in the case of the C. C. C. & St. L. Railroad Company v. Kernochan, supra, recently decided.
The bill of exceptions being valid, the questions arising thereon were before the circuit court when the ease was in that court, and are now before this court for determination.
The action was instituted by the defendant in error to recover against the city of Galion, damages claimed by him to have been sustained on account of a defective sidewalk.
During his examination in chief his counsel asked him the following questions: ‘ ‘Had you or had you not, a famity at that time?” Answer: “I had a wife and four children. ” ‘ ‘How old were your children at that time?” Answer: “The oldest was ten years old and the youngest was one year old.”
This evidence was admitted over the objections of the plaintiff in error.
This evidence was not pertinent to the issues joined between the parties. The plaintff’s right of action did not depend upon the question of his marriage, nor upon that of his fatherhood; and the defendant was bound to no higher duty towards a married man or a father than to one who bore neither of these characters. If the right of action existed, the damages lawfully recoverable should be no more affected by those circumstances than the right of action itself.
The only serious question is whether the admission of the evidence was prejudicial to the defendant below, plaintiff in error.
*396 Doubtless this error could have been cured by an instruction, cautioning the jury against increasing the amount of their verdict on account of the plaintiff below having a wife and young children depending on him for support. This, however, was not done. On the contrary the court seemed to be of opinion that the jury might, in fixing the amount of the recovery, take into consideration those circumstances. On this point the instructions were as follows: “You will take into consideration the age of the plaintiff at the time of the accident, his occupation, his ability to labor and earn money and enjoy life and provide for himself and family before and since the accident.” * * * This language would authorize the jury to enhance the damages, because the person injured had a family. The fact that the plaintiff below had a family of young and helpless children depending upon him for maintenance had been put in evidence. We think the natural tendency of that fact was to arouse the sympathies of the jury, and in view of the language employed by the court, the reasonable inference is that the amount of the verdict was increased on account thereof.
This is the view of the question taken by the supreme court of the United States, in Pennsylvania Company v. Joseph E. Roy, 102 U. S., 451. That court, speaking through Justice Harlan, used the following language:
“There was, however, an error committed upon the trial, to which exception was duly taken, but which does not seem to have been remedied by any portion of the charge appearing in the bill of exceptions. The plaintiff was permitted, against the objection of the defendant, to give the number and ages of his children, a son ten- years of age, and *397 three daughters of the ages, respectively, of fourteen, seventeen and twenty-one. This evidence does not appear to have been withdrawn from the consideration of the jury. It certainly had no legitimate bearing upon any issue in the case. The manifest object of its introduction was to inform the jury that the plaintiff had infant children dependent upon him for support, and consequently, that his injuries involved the comfort of his family. This proof, in connection with the impairment of his ability to earn money, was well calculated to arouse the sympathies of the jury, and to enhance the damages beyond the amount which the law permitted; that is, beyond what was, under all the circumstances, a fair and just compensation to the ■ person suing for the injuries received by him. How far the assessment of damages was controlled by this evidence as to the plaintiff’s family, it is impossible to determine with absolute certainty; but the reasonable presumption is that it had some influence upon the verdict.”
Judgment reversed.